[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Spezet, France on August 14, 1963. The plaintiff has resided continuously in this state for the last sixteen months. There are two children, both of whom have reached majority. The evidence clearly demonstrated that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 55, enjoys good health. She is a high school graduate and is employed doing clerical and accounting work at temporary assignments.
The defendant, age 57, also indicated no health problems. He works part time as a waiter and claims he cannot obtain full time employment because of his age. The defendant has failed to comply with disclosure requests as to his assets and has failed to file accurate and complete financial affidavits with the court. The court has been unable to give much credence to the testimony offered by the defendant. CT Page 4101
The parties blame each other for the breakdown of the marriage. The court finds that the defendant must bear the greater responsibility for the failure of this long relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes §§ 46b-62, 46b-81 and 46b-82 in reaching the conclusions reflected in the orders that follow.
In accordance with the prior ruling of the court (Tierney, J.), the court finds that there are included in the assets of the parties three French bank accounts and the defendant's inheritance. Based on the evidence presented by the plaintiff, the court finds that the three bank accounts have a total value of $89,000 and that the defendant's inheritance is worth $80,000.
The following orders may enter.
1. Both parties have requested that no periodic alimony be awarded. Although this has been a long marriage, the court has decided to honor their requests and orders that no periodic alimony is awarded to either of them.
2. The plaintiff is awarded the jointly owned real properties of the parties located at Jackson Heights, New York; Big Indian, New York; and Brittany, France, subject to all outstanding mortgages which the plaintiff shall solely assume and hold the defendant harmless from any liabilities thereon. The defendant shall execute all documents required to transfer his interests in the properties to the plaintiff.
3. The defendant shall vacate the Jackson Heights home whenever it is sold or August 1, 1997, whichever date first occurs. The defendant shall permit the plaintiff or her agents to enter the premises, upon reasonable notice, to show it to prospective purchasers. Until the defendant vacates the premises, he shall continue to pay the monthly mortgage and taxes and whatever additional expenses he currently pays in reference to this property.
4. The plaintiff is awarded the following assets: Her Citibank checking account; her Societe Generale IRA; her Credit Mutuel Bank account; her Charles Schwab Profit Sharing Plan; her 1988 Acura Legend automobile.
5. The defendant is awarded the following assets: His CT Page 4102 Citibank checking account; the three bank accounts located at Societe Generale, Credit Mutuel, and Caisse d' Epargne; New York Life IRA; New York Life Insurance policy; his 1991 Mazda 929 automobile; his entire inheritance from the estate of his late father; the balance of the loan due the parties from their son.
5. The defendant shall be solely responsible for the taxes and penalties due the Internal Revenue Service for 1992 and 1993. He shall indemnify and hold the plaintiff harmless from any claim or demand arising from said liabilities. The defendant shall further indemnify and hold the plaintiff harmless from any claim, demand, suit, lien and/or penalty arising from the filing of any joint state, federal or municipal tax returns.
7. The plaintiff shall be solely responsible for the payment of the following debts listed on her financial affidavit: Visa, Chase, Discover, Chiro-matic. The plaintiff shall indemnify and hold the defendant harmless from any liability thereon.
8. The defendant shall be solely responsible for his individual liabilities whether or not listed on his financial affidavit.
9. The parties shall divide the personal property remaining in the Jackson Heights and Big Indian residences. If they cannot agree upon the distribution by June 1, 1997, the matter shall be referred to the court for a determination.
10. The defendant shall return to the plaintiff her clothing and jewelry listed on Exhibit #3 no later than May 15, 1997.
11. The defendant is awarded his personal effects, including his bicycles.
12. The plaintiff is presently insured under health insurance made available to the defendant as an incident of his employment. The defendant shall take all steps necessary to assist the plaintiff in the continuation of this insurance by transferring her coverage to an individual policy to the extent permitted by law under COBRA. The plaintiff shall be responsible for the cost of her health insurance premiums and her unreimbursed medical expenses from the date of transfer.
13. The defendant is ordered to have no direct contact with the plaintiff in the future. This includes no contact by mail, CT Page 4103 phone or in person. The meetings to divide and return personal property shall be arranged and monitored by counsel and the Family Services Office, if necessary.
14. The defendant is ordered to pay toward the plaintiff's attorney's fees the sum of $10,000 as the court finds that a total denial of the plaintiff's claim for counsel fees would unduly impair and undermine the other financial awards entered. Also, the defendant's failure to cooperate and furnish requested information caused the plaintiff additional fees. Payment shall be at the rate of $500 per month on the first day of every month, commencing the first month after the defendant vacates the home at Jackson Heights, New York.
Judgment may enter accordingly.
NOVACK, J.